Jennifer A. Reiter, No. 017502
jreiter@mmcec.com
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona  85012
(602) 279-8500

Attorneys for Defendant Quicken Loans Inc.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Quicken Loans Inc.; Mortgage Electronic Registration Systems, Inc.; Chase Home Finance LLC; Mark S. Bosco, Esq.; Tiffany & Bosco, P.A.; Matthew A. Goldstein, Esq.; Gust Rosenfeld, PLC,<br><br>Defendants. | No. CV11-00372-RCC<br><br>**MOTION TO DISMISS** |

Defendant Quicken Loans Inc. ("Quicken") moves to dismiss Plaintiffs' claims against Quicken under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted as to Quicken.  Plaintiffs' claims are time-barred and/or do not involve Quicken, as Quicken has no interest in the subject property and played no role in the trustee's sale process.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Background**

Plaintiffs bring this action challenging the propriety of a trustee's sale of one of their various properties which occurred on October 7, 2010.  This is not the first lawsuit that Plaintiffs have filed regarding this trustee's sale.  In fact, Plaintiffs filed several separate suits in 2010 regarding similar issues.  Three of those suits,  which each concern a separate property

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

1  owned by Plaintiffs for which Plaintiffs hoped to stop a trustee's sale, were consolidated in this

2  Court before the Honorable Frank Zapata: CV10-503-TUC-FRZ (491 S. Douglas Wash Road);

3  CV10-507-FRZ, (7922 S. Clarkson Court); and CV10-508-TUC-FRZ, (9151 E. Showcase

4  Lane, also at issue in this case) (these matters will be referred to herein as the "Consolidated

5  Cases").[1]

6          In the Consolidated Cases, Judge Zapata granted the defendants' initial Motions to

7  Dismiss and granted Plaintiffs leave to file an amended complaint. Consolidated Cases at Doc.

8  No. 26. Plaintiffs then filed an amended complaint, and this too was dismissed pursuant to the

9  Defendants' motions. Consolidated Cases at Doc. No. 53. Plaintiffs have appealed that ruling

10 to the Ninth Circuit. Consolidated Cases at Doc. No. 55. In connection with their appeal,

11 Plaintiffs moved for a stay of the trustee's sales of the Douglas Wash and Clarkson Court

12 properties. Consolidated Cases, Doc. No. 59. The Court denied a stay, finding:

13              "In deciding whether to issue a stay pending appeal, the court
                considers (1) whether the stay applicant has made a strong
14              showing that he is likely to succeed on the merits; (2) whether the
                applicant will be irreparably injured absent a stay; (3) whether
15              issuance of the stay will substantially injure the other parties
                interested in the proceeding; and (4) where the public interest
16              lies."[2] *Humane Society of U.S. v. Gutierrez*, 523 F.3d 990, 991
                (9th Cir. 2008) (internal quotes and citations omitted); *see also*
17              *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 850
                (9th Cir. 2009)(same); *Golden Gate Restaurant Ass'n v. City and*
18              *County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir.
                2008)(same). A review of Plaintiffs' motion shows that Plaintiffs
19              do not demonstrate that any of these factors weigh in their favor;
                as such, the motion is denied on this ground. Furthermore, the
20              Court has previously denied injunctive relief on several occasions
                in this case; the standards for evaluating a motion to stay and a
21              motion seeking injunctive relief are very similar. Plaintiffs have
                not submitted any substantive information showing that a
22              weighing of the four factors entitles them to any relief.
                Furthermore, after allowing Plaintiffs to file an Amended
23

24          [1] Quicken was not named as a defendant in those cases.

25          [2] "[T]he issues of likelihood of success and irreparable injury represent two points on
26  a sliding scale in which the required degree of irreparable harm increases as the probability
    of success decreases." *Id.*

- 2 -

> Consolidated Complaint, the Court dismissed this case with prejudice as Plaintiffs' claims were without merit; judgment was entered closing this case in March of 2011. Upon review of the record in this case and weighing the four factors at issue, the Court finds that a stay is not warranted and therefore Plaintiffs' "emergency motion for stay of trustee sales" is denied.

Consolidated Cases at Doc. No. 61.  In that Order, Judge Zapata further noted that "between August of 2010 and the present, Plaintiffs have filed at least fourteen separate lawsuits which are in the District of Arizona; at least eight judges in the District of Arizona have a lawsuit initiated by the Sparlins."  Consolidated Cases at Doc. No. 61, footnote 1.

Plaintiffs have now filed this new suit, again seeking to undo the trustee's sale of the Showcase Lane Property.  There is substantial overlap between the claims raised in the Consolidated Cases, which have been conclusively rejected by the Court, and the claims brought here.  The crux of Plaintiffs' current Complaint (at least as to Quicken) is their claim for an alleged Truth-in-Lending-Act ("TILA") violation based on Plaintiffs' attempt to "cancel" their loan transaction in March 2010, more than 13 months after it was consummated. This claim is blatantly untimely, and Judge Zapata's rulings in the Consolidated Cases would bar any effort by Plaintiffs to avoid the untimeliness by asserting an equitable tolling theory. Even if Plaintiffs' claims were timely, they would be subject to dismissal for failure to allege required elements that could bring Quicken within the purview of the statutory sections cited.

## II.    Standards for Dismissal

Rule 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court explained: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted).  The complaint's "[f]actual allegations must be enough to raise

1  a right to relief above the speculative level."  *Id.* at 555 and n.3, 127 S. Ct. at 1965 and n.3

2  ("Without some factual allegation in the complaint, it is hard to see how a claimant could

3  satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

4  'grounds' on which the claim rests.").  Conclusory allegations and unwarranted inferences are

5  insufficient to defeat a motion to dismiss.  *Id.* at 555, 127 S. Ct. at 1965.

6        The Supreme Court recently elaborated on *Twombly* in *Ashcroft v. Iqbal*, as follows:

7             Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

8  contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading

9  standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-

10  defendant -unlawfully -harmed -me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S.

11  265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of

12  the elements of a cause of action will not do."  550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice

13  if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

14

15             To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L.

16  Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

17  inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility

18  standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

19  unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line

20  between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

21                                   * * *

22

23             Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

24  more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

25

26  *Ashcroft v. Iqbal*,  -- U.S. –, 129 S. Ct. 1937, 1949-50 (2009).

1   The Court further reiterated: "[T]he tenet that a court must accept as true all of the

2   allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

3   of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

4   *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to

5   dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound

6   to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks

7   omitted))." *Id*.

8   Here, Plaintiffs fail to provide factual matter that, taken as true, would "state a claim to

9   relief that is plausible on its face."  At most, Plaintiffs provide legal conclusions couched as

10   factual allegations.  In *Twombly*, "the Supreme Court specifically rejected an interpretation of

11   Rule 12(b)(6), Fed.R.Civ.P., that would allow 'a wholly conclusory statement of claim . . . [to]

12   survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff

13   might later establish some 'set of [undisclosed] facts' to support recovery.'"    *Id*. (citing

14   *Twombly*).  Similarly, here, Plaintiffs have not disclosed facts that would establish any claim

15   against Quicken.

16   **III.    Allegations Involving Quicken**

17   There are three counts in the Complaint that are brought against Quicken: declaratory

18   relief based on TILA's right of rescission (Count I), violation of the Helping Families Save

19   Their Home Act of 2009 (which is part of TILA as well) (Count II) based on the alleged failure

20   to notify Plaintiffs of "the location of the place where the transfer of ownership of the debt is

21   recorded," and quiet title (Count III), again based on the alleged failure of Quicken to rescind

22   Plaintiffs' mortgage under TILA.  The TILA and quiet title counts both hinge on Plaintiffs'

23   claim that they attempted to rescind their loan by sending a "Notice of Right to Cancel" to

24   Quicken and to Chase in March 2010.  The remaining count asserts that Plaintiffs were not

25   provided with verification of "the place where the transfer of ownership of the debt is

26   recorded" under 15 U.S.C. § 1641(g).  Each of these claims is time-barred, based upon faulty

1   premises, and/or barred as a result of rulings entered in the Consolidated Cases.

2   The sum and substance of the allegations against Quicken is as follows.  Plaintiffs allege

3   that their personal residence and the address of the property at issue is 9151 E. Showcase Lane,

4   Tucson, Arizona 85749 (the "Property").  Complaint, para. 7.  A Deed of Trust was recorded

5   in the records of Pima County on February 9, 2009 that relates to the Property.  Complaint,

6   para. 19.  The "Lender" listed on the Deed of Trust is Quicken, and Plaintiffs' "Promissory

7   Note and Deed of Trust reflect MERS as the nominee."  Complaint, paras. 20, 22.  At some

8   point, Chase Home Finance LLC ("Chase") became Plaintiffs' mortgage loan service provider.

9   Complaint, para. 21.

10   Plaintiffs allege that they sent "*a Notice of Default, Notice of Right to Cancel* and *Notice*

11   *of Revocation of Power of Attorney*" to Quicken and that these items were delivered to Quicken

12   on March 25, 2010.  Complaint, paras. 40, 41.  They further claim that they sent a "*Notice of*

13   *Removal of Trustee*" to Quicken "removing Title security Agency as Trustee and naming North

14   American Trust Title as the new Trustee . . ."  Complaint, para. 44.

15   Plaintiffs additionally make a series of allegations regarding collection letters that they

16   allegedly received from Defendant Tiffany & Bosco, P.A., the servicing of their loan payments

17   by Defendant Chase, and the ultimate trustee's sale of the Property carried out by Tiffany &

18   Bosco.  These aspects of the case do not involve Quicken.

19   **IV.    Each Claim Against Quicken is Time-Barred and/or Lacks Required Elements**

20   **A.    Counts I and III Are Barred by Statute and the Court's Ruling in the Prior Case**

21

22   Plaintiffs' claims involving TILA rescission and for quiet title against Quicken depend

23   on the validity of Plaintiffs' theory that Plaintiffs sent Quicken a valid request for rescission

24   of their loan pursuant to TILA and that Quicken improperly failed to act on it.  However,

25   Plaintiffs' ability to rescind their loan under TILA expired three days after their loan closed in

26   February 2009.  15 U.S.C. § 1635(A).  They did not send their "right to cancel" to Chase and

1    Quicken until March 2010.  Complaint, paras. 40, 42.

2           Furthermore, although the three-day time limit may be extended once foreclosure

3    proceedings begin, up to three years after the consummation date of the transaction, if the

4    creditor fails to provide proper written notice of the right to rescind (15 U.S.C. § 1635(f),(I)),

5    here, there are no allegations that could possibly so toll this period.  The Court in the

6    Consolidated Cases has already found that there are no grounds to extend the time frame here.

7    *See* Order granting Motions to Dismiss Amended Complaint in Consolidated Cases at Doc. No.

8    53, p. 8; Amended Complaint in Consolidated Cases (Doc. No. 28).  ("Furthermore, as

9    Defendants correctly argue, even if TILA was applicable, Plaintiffs' claims are time-barred and

10   their conclusory statements are insufficient to trigger equitable tolling of their TILA claims."

11   (citing authorities)).  The TILA claims are thus barred under the doctrines of *res judicata*

12   and/or collateral estoppel.  Furthermore, to the extent Plaintiffs seek damages for this alleged

13   TILA violation, their claim is time-barred by the one-year statute of limitations for damages

14   claims, as this current suit was brought more than one year after the date of the alleged

15   violation in March or April 2010.  15 U.S.C. § 1640(e).

16          Finally, in order to exercise their right of rescission under TILA, Plaintiffs must be able

17   to tender their loan proceeds back to their lender.  15 U.S.C. § 1635(B); *Yamamoto v. Bank of*

18   *New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003)(grant of summary judgment in favor of

19   lender affirmed where borrowers could not provide evidence that they could tender loan

20   proceeds back to lender).  Here, Plaintiffs have failed to allege that they can tender the

21   proceeds back, merely alleging that they are "able to discuss a tender offer."  Complaint, para.

22   88.  This is insufficient under TILA.  For all of these reasons, Counts I and III must be

23   dismissed as to Quicken.

24

25

26

1

**B.**     **There is No Title Controversy Involving Quicken**

2      A further basis for dismissal of the quiet title claim (Count III) as to Quicken is that

3 Plaintiffs fail to make any allegations that suggest that there is any title controversy involving

4 Quicken. A party suing for quiet title must allege that the defendant has asserted an interest

5 in the subject property. Here, Plaintiffs do not allege that Quicken has had any involvement

6 in the servicing of Plaintiffs' loan or the trustee's sale of the Property. Because Quicken has

7 no current interest in the property, there is no quiet title claim that can be brought against

8 Quicken. Further, the quiet title claim is dependent upon Plaintiffs' other claims for some sort

9 of relief based upon the loan application process. Because all of those claims are time-barred

10 and otherwise deficient, there is no resulting title controversy for the Court to resolve.

11

**C.**     **Count II Does Not Pertain to Quicken**

12      In Count II, Plaintiffs invoke a portion of TILA at 15 U.S.C. § 1641 and allege:

13

> (90) Section 404(a) of the **Helping Families Save Their Home Act of 2009** amended section 131 of the Truth in Lending Act (**15**

14

> **U.S.C. 1641**) as follows:

15

> a. Notice of New Creditor

16

> "In addition to other disclosure required by this title, **not later than 30 days after the date on which a**

17

> **mortgage loan is sold or otherwise transferred or assigned to a third party**, the credit that is the new

18

> owner or assignee of the debt **shall notify the borrower in writing** of such transfer, including

19

20

> > 1. the identify [sic], address, telephone number of the new creditor;

21

22

> > 2. the date of the transfer;

23

> > 3. how to reach an agent or party having authority to act on behalf of the new creditor;

24

25

> > 4. **the location of the place where transfer ownership of the debt is recorded**; and

26

1

2

3

4

5

> 5.   any other relevant information regarding the new creditor."
>
> (91) Defendants did not provide this Plaintiff with written verification within the thirty (30) days of the location of the place where the transfer of ownership of the debt is recorded as required in paragraph 94(a)(4) above.  Therefore, Defendants are in direct violation of the Helping Families Save Their Home Act of 2009.  **(15 U.S.C. 1641(g))**

6   Complaint, pars. 90-91.  By the face of Plaintiffs' allegations, this claim cannot pertain to

7   Quicken.  Plaintiffs allege (correctly) that Quicken is their original lender and that Chase at

8   some point "became the mortgage loan service provider."  Complaint, paras. 20, 21.  Clearly,

9   then, Quicken is not the "*new* owner or assignee of this debt" so as to bring it within the

10   purview of Count II.  Thus, there is not even any allegation that Quicken had any obligation

11   to Plaintiffs under this provision.  Finally, Plaintiffs have failed to allege any damages as a

12   result of any violation of this section.

13   **D.      There Is No Basis Pled for the Punitive Damages Sought**

14   Plaintiffs appear to seek punitive damages; however, they have brought only federal

15   statutory claims under TILA, and a quiet title claim, against Quicken.  They have not asserted

16   any claims that could entitle them to seek punitive damages even if they were successful on

17   their allegations.  Further, punitive damages cannot be awarded absent clear and convincing

18   evidence that the defendant's wrongful conduct was motivated by spite, actual malice, or intent

19   to defraud, or the conscious and deliberate disregard of the interests and rights of others.  *Volk*

20   *v. Coleman Co.*, 155 Ariz. 567, 570, 748 P.2d 1191, 1194 (1987).  Plaintiffs have failed to

21   plead sufficient facts to put the defendants on notice of any grounds for a punitive damages

22   claim.  Again, under the *Twombly* standard, as well as under well-settled Arizona law, bald

23   requests for punitive damages do not sufficiently state the claim.  Any punitive damages claim

24   must be dismissed.

25

26

1 **V.** **Conclusion**

2       The Complaint fails to state any claim against Quicken upon which relief can be

3 granted.  The claims lack merit for numerous reasons and are time-barred.  For these reasons,

4 Quicken asks this Court to dismiss the Complaint as to Quicken.  Where any amendment

5 would be futile, the Court need not grant leave to amend.  *E.g.*, *Mt. Hood Polaris, Inc. v.*

6 *Martino*, 563 F.3d 981, 990 (9th Cir. 2009).  Here, any such amendment would be futile, as

7 Plaintiffs will never be able to overcome the obvious time bars and other legal deficiencies to

8 their claims.  Thus, leave to amend should not be granted.

9       RESPECTFULLY SUBMITTED this 29th day of June, 2011.

10                     **MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

11

12                     By /s/Jennifer A. Reiter
                      Jennifer A. Reiter
                      3200 North Central Avenue

13                       Phoenix, Arizona  85012-2443
                      Attorneys for Defendant Quicken Loans

14                       Inc.

15 **ORIGINAL** of the foregoing e-filed this 29th day of June, 2011, with:

16 Clerk of the Court
United States District Court

17 Sandra Day O'Connor U.S. Courthouse
401 West Washington Street

18 Phoenix, AZ 85003-2153

19 **COPY** of the foregoing electronically delivered this 29th day of June, 2011, to:

20 Honorable Raner C. Collins
United States District Court

21 Sandra Day O'Connor U.S. Courthouse
401 West Washington Street

22 Phoenix, AZ 85003-2153

23 Gerard O'Meara, Esq.
Gust Rosenfeld PLC

24 One S. Church Ave., Suite 1900
Tucson, AZ 85701-1627

25 Attorneys for Defendants Matthew A. Goldstein and Gust Rosenfeld, PLC

26

1   Douglas C. Erickson
Maynard Cronin Erickson Curran & Reiter, PLC
2   3200 N. Central, Ste. 1800
Phoenix, AZ 85012
3   602-279-8500
Attorneys for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home
4   Finance LLC

5   Paul D. Cardon
Tiffany & Bosco, P.A.
6   Third Floor Camelback Esplanade II
2525 East Camelback Road
7   Phoenix, AZ 85016-9240
Attorneys for Defendants Tiffany & Bosco, P.A. and Mark S. Bosco
8
**COPY** of the foregoing mailed this 29th day of June, 2011, to:
9
Michael and Sharon Sparlin
10   9151 E. Showcase Lane
Tucson, AZ 85749
11   Plaintiffs Pro per

12   By ___/s/Stacey Tanner_____

13

14

15

16

17

18

19

20

21

22

23

24

25

26