Douglas C. Erickson, 012130
derickson@mmcec.com
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for JPMorgan Chase Bank, N.A.,
successor by merger to Chase Home Finance LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Quicken Loans Inc.; Mortgage Electronic Registration Systems, Inc.; Chase Home Finance LLC; Mark S. Bosco, Esq.; Tiffany & Bosco, P.A.; Matthew A. Goldstein, Esq.; Gust Rosenfeld, PLC,<br><br>Defendants. | No. CV11-00372-RCC<br><br>**MOTION TO DISMISS** |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), for itself and as successor by merger to Chase Home Finance LLC, respectfully moves this Court, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the Complaint. This motion is supported by the following Memorandum of Points and Authorities, and the Court's record, which are incorporated herein.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' Complaint fails to state any claims upon which relief can be granted as to Chase. It raises grievances and claims related to a loan and a deed of trust that Plaintiffs have already litigated. In cases that were consolidated (CV10-503-TUC-FRZ, CV10-507-TUC-FRZ, CV10-508-TUC-FRZ), those grievances and claims were dismissed. CV10-503-TUC-FRZ, Dkt. No. 53. Plaintiffs have appealed that dismissal to the Ninth Circuit. *Id.*, Dkt. No. 55. In ruling on an emergency application for a stay pending appeal, the Honorable Frank

Zapata noted that similar relief had been denied to Plaintiffs on several occasions, that they were not likely to prevail on the merits, and that they had filed at least fourteen separate actions, which were heard by eight different judges. *See id.*, Dkt. No. 61.

The factual allegations here are similar and in some instances identical to those made in prior litigation. *See* Complaint filed in CV10-503-TUC-FRZ, attached hereto as Exhibit A; Amended Complaint, attached hereto as Exhibit B. Although it is difficult to discern which theories are being asserted against Chase, Plaintiffs allege a mistaken double payment and subsequent default on their part, and assert violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Helping Families Save Their Home Act, rescission, and quiet title. Counts IV and V clearly are not asserted against Chase.

## I.     **The Motion to Dismiss Standard**

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In determining whether a claim can be sustained, all allegations of material fact, but not legal conclusions, are taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

A court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1952 (2009)).

In terms of the record that may be considered without converting a motion to dismiss to a summary judgment proceeding, "[a] district court . . . may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute*. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). With all of these standards in mind, the Complaint should be dismissed.

## II. Prior Litigation Precludes New Litigation.

Whether viewed through the lens of *res judicata*, collateral estoppel, or the rule against claim splitting, this new lawsuit is barred as a matter of law, as to Chase, and likely the other defendants, as well. To the extent previous claims are simply reasserted here, they should be barred by the doctrines of *res judicata* and/or claim preclusion.

> Under the doctrine of *res judicata*, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed.2d 1122 (1955); *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 26 Ariz. App. 204, 206, 547 P.2d 56, 58 (1976). Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp., supra*, 26 Ariz. App. at 209, 547 P.2d at 61; *Moore Drug Co. v. Schaneman*, 10 Ariz. App. 587, 589, 461 P.2d 95, 97 (1969); Restatement (Second) of Judgments § 27.

> When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. Restatement (Second) of Judgments § 27 comment d.

*Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986).

The claims subject to *res judicata* appear to include each of Counts I-III, as they are based on alleged statutory violations that previously have been rejected, and rescission and quiet title on the same grounds. But Plaintiffs' lawsuit also should be dismissed based on the prohibition against claim splitting. With at least fourteen lawsuits, and at least two of those involving this loan and this property and a sequence of events and facts that has not changed since the last time Plaintiffs made such claims, the doctrine applies with full force. The judicial policy of the state of Arizona should control. The Arizona Rules of Civil Procedure are read so as to preclude claim splitting. The rule applies as to multiple parties. "The thrust of these two rules is that, whenever possible, all claims should be disposed of in one action. This prevents a multiplicity of actions and allows the court to grant complete justice to all the parties." *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 357, 595 P.2d 31, 35 (1979). *See also Bridgestone/Firestone N. America Tire LLC v. Naranjo*, 206 Ariz. 447, 453, 79 P.3d 1206, 1212 (Ct. App. 2003)("Arizona's public policy has long favored the joining of all known and available tortfeasors as defendants in one action."). The rule also applies to multiple claims. "A plaintiff is not permitted to split his claim and harass an adversary with more than one action for one wrong." *Malta v. Phoenix Title & Trust Co.*, 76 Ariz. 116, 119, 259 P.2d 554, 557 (1953). These judicial doctrines and policies, together or independently, should preclude any further litigation by Plaintiffs on the subjects of the current Complaint.

### III. Completed Trustee's Sale Bars Claims.

Plaintiffs allege that property was sold at a trustee's sale on or about October 7, 2010. *See* Complaint ¶ 60. Therefore, Plaintiffs face an additional hurdle because, by statute, their

- 4 -

ability to challenge any issues related to that foreclosure[1] is limited.  Among other things, the trustee's deed serves to confirm, as a matter of law, that the sale was procedurally proper.  *See* A.R.S. § 33-811(B).

> The trustee shall execute and deliver the trustee's deed to the purchaser within seven business days after receipt of payment by the trustee or the trustee's agent made in a form that is satisfactory to the trustee.  The recording of the trustee's deed upon sale may also constitute delivery of the deed to the purchaser.  The trustee is not liable for any damages resulting from the failure to record the trustee's deed upon sale after physical delivery of the deed to the purchaser.  ***The trustee's deed shall raise the presumption of compliance*** with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale.  ***A trustee's deed shall constitute conclusive evidence of the meeting of those requirements*** in favor of purchasers or encumbrancers for value and without actual notice.  Knowledge of the trustee shall not be imputed to the beneficiary.

A.R.S. § 33-811(B)(emphasis added).

More important, however, is the unambiguous rule that Plaintiffs "waive[d] all defenses and objections to the sale not raised in an action ***that results in the issuance of a court order*** granting relief pursuant to Rule 65" ***prior to*** the scheduled sale.  A.R.S. § 33-811(C)(emphasis added).  Because Plaintiffs did not secure such an order from this or any other court in advance of the sale, they waived all objections and defenses to it.  Therefore, the claims against Chase raised in the Complaint are barred as a matter of law.

**IV.    Rescission and Quiet Title**

Neither remedy is available as a practical or legal matter.  The new owner of the property has not been joined as a party, but even if it had been joined, because Plaintiffs did not timely attempt to exercise a right of rescission and cannot repay their loan in full, the remedies are not even theoretically available.  *See Castro v. LNV Corp.*, 2010 U.S. Dist. LEXIS 123278 * 9-10 (D. Ariz. November 9)("[T]he equitable remedy of rescission would

---

[1] In this context, "foreclosure" means a statutory non-judicial trustee's sale.

require [Plaintiffs] to tender the loan proceeds to Defendant."). Additionally, because the property has been sold, if TILA (or any other authority) did provide a right to rescind in this instance, such an action would necessarily fail. *See Salazar v. Lehman Bros. Bank*, 2010 U.S. Dist. LEXIS 108737 *10 (D. Ariz. 2010).

**V.   Conclusion**

Plaintiffs' lawsuit should be dismissed, with prejudice. Not only have they had multiple opportunities to pursue any legitimate claims, but they also simply fail to state any claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 29th day of June, 2011.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By/s/Douglas C. Erickson
Douglas C. Erickson
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

**ORIGINAL** of the foregoing e-filed this 29th day of June, 2011, with:

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2153

**COPY** of the foregoing electronically delivered this 29th day of June, 2011, to:

Honorable Raner C. Collins
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2153

Gerard O'Meara, Esq.
Gust Rosenfeld PLC
One S. Church Ave., Suite 1900
Tucson, AZ 85701-1627
Attorneys for Defendants Matthew A. Goldstein and Gust Rosenfeld, PLC

1  Jennifer A. Reiter
   Maynard Cronin Erickson Curran & Reiter, PLC
2  3200 N. Central, Ste. 1800
   Phoenix, AZ 85012
3  602-279-8500
   Attorneys for Defendant Quicken Loans, Inc.
4
   Paul D. Cardon
5  Tiffany & Bosco, P.A.
   Third Floor Camelback Esplanade II
6  2525 East Camelback Road
   Phoenix, AZ 85016-9240
7  Attorneys for Defendants Tiffany & Bosco, P.A. and Mark S. Bosco

8  **COPY** of the foregoing mailed this 29th day of June, 2011, to:

9  Michael and Sharon Sparlin
   9151 E. Showcase Lane
10 Tucson, AZ 85749
   Plaintiffs Pro per
11
   By   /s/Stacey Tanner
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26