Leonard J. McDonald, Jr. (#014228)
ljm@tblaw.com
Paul D. Cardon (#027953)
pdc@tblaw.com

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016B4237
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103

*Attorneys for Defendants Tiffany & Bosco, P.A. and Mark S. Bosco.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL BENSON SPARLIN and SHARON JEANETTE SPARLIN H/W,<br><br>Plaintiffs,<br><br>vs.<br><br>TIFFANY & BOCSO, P.A. and MARK S. BOSCO, P.A., et al.<br>Defendants. | No. CV-11-0372-TUC-RCC<br><br>**DEFENDANTS TIFFANY & BOSCO, P.A. AND MARK S. BOSCO'S MOTION TO DISMISS THE COMPLAINT** |

Defendants Tiffany & Bosco, P.A. ("Tiffany & Bosco") and Mark S. Bosco ("Mr. Bosco") (collectively "Defendants"), by and through counsel undersigned, hereby file this Motion to Dismiss (the "Motion") and respectfully request that the Court dismiss Plaintiffs Michael Benson Sparlin and Sharon Jeanette Sparlin's (collectively "Plaintiffs") Complaint (the "Complaint").

The Defendants respectfully request that this Court dismiss Plaintiffs' claims against them with prejudice and award the Defendants their attorneys' fees based on the authority presented herein and for the following reasons:

1)      Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Complaint should be dismissed against Defendants as it fails to comply with the

1   requirements of Rules 8;

2       2)    Plaintiffs' claims against Defendants are barred under A.R.S. § 33-
3   807(E);

4       3)    Pursuant to A.R.S. § 33-811(C), the Plaintiffs waived all objections to the
5   Trustee's Sale;

6       4)    Pursuant to Rule 12(b)(6), the Complaint should be dismissed against
7   Defendants because not one of the Six (6) counts states a claim upon which relief can
8   be granted;

9       5)    The Defendants are entitled to their attorneys' fees pursuant to A.R.S. §
10   33-807(E).

11       This Motion is supported by the following Memorandum of Points and
12   Authorities and the entire record in this matter.

13   **MEMORANDUM OF POINTS AND AUTHORITIES**

14   **I.**    **Background**

15       **A. Introduction**

16       The Complaint is long and tedious but the facts are relatively simple.  Plaintiffs
17   obtained a loan.  [*Compl.* ¶ 19.]  At some point Plaintiffs overpaid on the loan.  [*Id.* ¶
18   29.]  After a conscious decision, Plaintiffs defaulted by not making their monthly
19   payments.  [*Id.* ¶¶ 33 and 53.]  Plaintiffs then sent and recorded numerous documents
20   that are frivolous.  [*Id.* ¶¶ 39-50.]  After receiving proper notice, the Property was
21   foreclosed upon.  [*Id.* ¶ 53.]  As a result of this foreclosure, Plaintiffs have filed several
22   lawsuits and have failed in each suit.  (*See Part C.*)  This is yet another attempt by the
23   Plaintiff's to avoid the consequences of their conscious decision to not pay on the loan.
24   Just like the other lawsuits filed by Plaintiffs, the Court should dismiss the Complaint
25   with prejudice.

26       **B. Factual Background**

27       On or about February 9, 2009, Plaintiffs obtained a loan that was evidenced by a
28   Promissory Note (the "Note") and secured by a Deed of Trust (the "Deed of Trust")

(collectively the "Loan").  [*Compl.* ¶ 19.]  Quicken was the original lender.  [*Id.*]
Defendants, Tiffany & Bosco and Mr. Bosco, were not parties to the Loan which
concerns property located at 9151 E. Showcase Lane, Tucson, Arizona 85749 (the
"Property").  [*Id.* ¶ 7.]  The legal description is as follows:

> Lot 1, of LA VENTANA DE LAS CATALINA, per map recorded
> in Book 30, Page 65 of Maps and Plats, in the Office of the Pima
> County Recorder, Pima County, Arizona. [*Id.* ¶ 7.]

Chase Home Finance, LLC ("Chase") functioned as the loan service provider.
[*Id.* ¶ 21.]  MERS was the beneficiary and acted as the nominee to Quicken.  [*Id.* ¶ 22.]

Plaintiff stopped making payments on the Loan and Tiffany & Bosco
appropriately sent a notice of default in July of 2010.  [*Id.* ¶¶ 33 and 53.]  In August of
2010, Plaintiffs filed a lawsuit alleging many violations against Chase and other named
defendants, but failed to include Tiffany & Bosco or Mr. Bosco.  [*Id.* ¶ 58.]  On or
about July 8, 2010, Plaintiffs received a document entitled "Substitution of Trustee"
indicating that non-party Michael A. Bosco, Jr. (not Defendant Mark Bosco) was
appointed as Trustee under the Deed of Trust.  [*Id.* ¶ 62; Doc. 13846, p. 1021.] Michael
Bosco was appointed as Substitute Trustee by MERS as Quicken's nominee.  [*Id.*]
Mark Bosco signed the Substitution of Trustee, but only acted as the agent in this case.
[*Id.*]  Also, on or about July 8, 2010, Plaintiffs received a document entitled "Notice of
Trustee's Sale" indicating that the Property would be sold at public auction on October
7, 2010.  [*Compl.* ¶ 62; Doc. 13846, p. 1022.]  A Trustee's Deed Upon Sale ("TDUS")
was then issued to non-party Federal National Mortgage Association, which was
recorded on October 12, 2010.  [*Compl.* ¶ 62; Doc. 13912, p. 5444.]

### C. Previous Litigation

Prefatorily, the Defendants request that the Court take judicial notice of the
Federal Court proceedings referenced herein pursuant to Federal Rule of Evidence Rule
201.  Defendants offer this to the Court to show that Plaintiffs have a history of raising
these types of allegations, which this Court has previously dismissed.

On or about August 10, 2010, Plaintiffs initiated a Federal Court action against the Bank of America Home Loans in the United States District Court case number CV10-503-TUC-FRZ.  Subsequently, this Court consolidated two other pending cases brought by Plaintiffs into its First Amended Complain on October 29, 2010, in case number CV10-503-TUC-FRZ.   This Amended Complaint added Chase Home Financing, JP Morgan Chase & Co., BAC Home Loan Servicing, and Bank of America. However, Plaintiffs failed to name Tiffany & Bosco and Mr. Bosco.  This Amended Complaint contained similar allegations as those contained in the pending Complaint. *See* Counts 1, 2, and 7 of Amended Complaint of Consolidated Cases; Doc. No. 28.  In that case, the Court granted the Defendant's Motion to Dismiss with prejudice.  *See* Order dated March 24, 2011; Doc. No. 53, p. 8.

With the above-stated in mind, the Defendants will address Plaintiffs' Complaint.

## II.   Legal Argument

### A.   Pursuant to Rule 41(b), Fed. R. Civ. P., the Complaint Should be Dismissed Against the Defendants as it Fails to Comply With the Requirements of Rules 8 and 9, Fed. R. Civ. P.

Rule 41(b), Fed. R. Civ. P., permits the Court to dismiss the Complaint for the Plaintiffs' failure to comply with the Federal Rules of Civil Procedure.   Here, the Plaintiffs have failed to comply with Rules 8(a), 8(d), and 9(b).

#### 1.   Violation of Rules 8(a) and 8(d).

Rule 8(a)(2) requires a complaint to contain a "short and plain statement" of claims.   However, a complaint must provide "more than 'a formulaic recitation of the elements of a cause of action.'   Under Rule 8(a), [Plaintiffs] must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (internal citations omitted).

Under Rule 8(d)(1), Fed. R. Civ. P., "[e]ach allegation must be simple, concise,

1    and direct."  Complaints that are "verbose, confusing and conclusory" violate Rule 8(d),

2    Fed. R. Civ. P. and may be dismissed pursuant to Rule 41(b), Fed. R. Civ. P.  *See*

3    *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981).

4         Here, the Complaint is not a "short and plain statement" of the Claims, but is

5    rather a 21 page rant setting forth confusing allegations against seven named

6    defendants.  [*Compl.* at 1.]  Even more problematic, each of Plaintiffs' "Counts" are, in

7    large part, made collectively against all of the named defendants. [*Id.* at Counts I-III.]

8    Defendants are uncertain which causes of action pertain to them.

9         Also, Mr. Bosco in not named in any of the specific Counts, but rather is only

10   mentioned in the statement of facts. [*Id.* at Counts I-VI.]  Mr. Bosco is only listed as a

11   party and is referred to in the factual background.   [*Compl.* 10-21.]  Therefore, Mr.

12   Bosco should be dismissed as stated above because Plaintiffs failed to give Mr. Bosco

13   fair notice under Rule 8(a).  This standard also applies to the Counts which do not

14   specifically name Tiffany & Bosco.

15        Additionally, the Complaint is nothing but conclusory violating Rule 8(d).  [*Id.*

16   at 10-24.]  The Complaint does not provide facts explaining how Defendants harmed

17   Plaintiffs.

18        Because the Complaint violates Rules 8(a) and 8(d), it should be dismissed.

19                    **2.    Violation of Rule 9(b)**

20        The Complaint makes passing references to fraud.  [*Id.* ¶ 60.]  Under Rule 9(b),

21   if plaintiffs choose to allege fraudulent conduct against a defendant, it must do so with

22   particularity.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

23   Specifically, Plaintiffs are required to set forth the following: 1) the time, place and

24   contents of the false representations or omissions, 2) explain how such representations

25   or omissions were fraudulent and how they misled the Plaintiffs, and (3) what the

26   Defendants gained from the fraud.  *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir.

27   2007); *see also Maganallez v. Hilltop Lending Corp.*, 505 F.Supp.2d 594, 606-07 (N.D.

28   Cal. 2007).  Here, Plaintiffs have failed to allege any fraudulent conduct with

particularity against the Defendants as required by Rule 9(b).

As the Complaint violates Rules 8(a), 8(d), and 9(b), it should be dismissed pursuant to Rule 41(b).

### B.   Pursuant to Rule 12 (b)(6), Plaintiffs' Claims Against Defendants are Barred Under A.R.S. § 33-807(E).

The purpose of Rule 12(b)(6), Fed. R. Civ. P., "is to allow the court to eliminate actions that are fatally flawed…." *Advanced Cardiovascular Sys., Inc.*, 988 F.2d at 1160. Plaintiffs' Complaint is long and difficult to understand. Defendants are unsure whether Plaintiffs are suing Defendants as the substitute trustee. If they are, Plaintiffs' claims are barred under A.R.S. § 33-807(E).

A.R.S. § 33-807(E) expressly limits claims against a trustee under a deed of trust to alleged violations of Title 33, Chapter 6.1 of the Arizona Revised Statutes or of the deed of trust. A.R.S. § 33-807(E) states that "[i]f the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee."

The Complaint fails to make any factual allegations pertaining to a breach of Defendants' obligations under Title 33, Chapter 6.1 of the Arizona Revised Statutes or under the deed of trust which is part of the Loan. [*Compl.*] Defendants are entitled to be immediately dismissed, with prejudice, from this matter and to recover their costs and reasonable attorneys' fees from Plaintiffs.

### C.   Pursuant to A.R.S. § 33-811(C) Plaintiffs Waived All Objections to the Trustee Sale

Plaintiffs argue that the Substitution, the Notice, and the Trustee's Deed Upon Sale are all void. [*Compl*. ¶ 62.] However, Plaintiffs fail to recognize that they have waived all defenses and objections to the trustee's sale. *See* A.R.S. § 33-811(C) ("The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief

pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p. m. Mountain standard time on the last business day before the scheduled date of the sale."). The District Court has ruled that "section 33-811 requires Plaintiffs to assert any objections to and obtain injunctive relief from the trustee's sale prior to such sale or risk losing their rights to object…. By failing to fulfill the requirements of A.R.S. § 33-811(C), Plaintiffs waived their claims for relief against [the defendants]." *Spielman v. Katz*, CV10-0184-PHX-JAT, 2010 WL 4038838, *3 (D. Ariz. Oct. 14, 2010).

Plaintiffs have not alleged that they obtained an order pursuant to rule 65 of the Arizona rules of civil procedure or that Defendants failed to mail a notice of sale to Plaintiff. Therefore, Plaintiffs are prohibited from raising defenses or objections to the trustee's sale.

### D.   Pursuant to Rule 12(b)(6), the Complaint Should be Dismissed Against Defendants as Not One of the Six Counts States a Claim Upon Which Relief can be Granted.

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Here, Plaintiffs fail to assert sufficient facts to raise above the speculative level. The Complaint is merely a statement of conclusions of fact and law that do not provide the Defendants with fair notice of Plaintiffs' claims against them or the grounds upon which such claims rest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.    Plaintiffs' TILA Claims are Time Barred.

Plaintiffs assert claims for damages under the Truth in Lending Act, 12 U.S.C. §1601 *et seq.* (2008) and Regulation Z, 12 C.F.R. Part 226 (2008) ("TILA").   [*Compl.* ¶¶ 67- 88.]

Plaintiffs' claims against Defendants under TILA are time barred.   Plaintiffs entered into the Loan on or about February 9, 2009.   [*Id.* ¶ 19.]   TILA claims for damages commence from the time the loan is issued or consummated.   15 U.S.C. §§ 1635(f) and 1640(e).   *King v. Cal.*, 784 F.2d 910, 913 (9th Cir. 1986).   As more than a year has passed since the time that the loan for the Property consummated, Plaintiffs' claims for damages against Defendants under TILA are barred by the one-year period of limitations set forth in 15 U.S.C. § 1640(e).

### 2.    The Express Terms of the Claims Fail to State a Claim Under Which Relief can be Granted.

### a.    TILA/RESPA Violations

Plaintiffs' Count I is entitled "TILA/RESPA VIOLATIONS/RESCISSION (REG. Z)".   [*Compl.* ¶¶ 67-88.]   Plaintiffs fail to meet the requirements under Rule 8(a).   There is no assertion which of the seven defendants violated the act. On this ground alone, Tiffany & Bosco and Mr. Bosco should be dismissed.   There is no claim whatsoever that they violated the regulations asserted in Count I.   [*Id.*]

Moreover, in regard to Plaintiffs' TILA claims, "[o]nly creditors can be liable for damages and rescission for failure to comply with TILA's terms relating to disclosures and notice of the right to cancel."   *Lippner v. Deutsche Bank Nat. Trust Co.*, 544 F.Supp.2d 695, 698-699 (N.D. Ill. 2008) (citing 15 U.S.C. § 1640).   None of the Defendants are "creditors" under TILA as they are not a person to whom any of the debt arising from the "consumer credit transactions" at issue in the Complaint was initially payable.   15 U.S.C. § 1602(f).

Defendants are not the mortgagee, an assignee of the mortgage, or in any way a "creditor" with respect to TILA.   [*Id.*]   TILA defines a "servicer" as "a person

1   responsible for servicing the loan." *See* 15 U.S.C. § 1641(f)(3).  Pursuant to TILA, a

2   servicer is not considered an assignee of a mortgage "unless the servicer is or was the

3   owner of the obligation." *See* 15 U.S.C. § 1641(f)(1).

4       Because Defendants are not "creditors" this claim should be dismissed against

5   them.

6           **b.    Violations of the Helping Families Save Their Homes Act**

7               **of 2009**

8       Plaintiffs' Count II is entitled "Violations of the Helping Families Save Their

9   Homes Act of 2009."  [*Compl.* ¶¶ 89-91.]  This Count alleges that the Defendants failed

10   to provide notice to the debtor after the mortgage note was transferred.  Similar to the

11   above argument, this allegation has no merit against Tiffany & Bosco or Mr. Bosco.

12   This claim applies to creditors, and neither Defendant meets that classification.

13       Because Defendants are not creditors nor servicers, this Count should be

14   dismissed against Defendants.

15             **c.    Quiet Title**

16       Plaintiffs' Count III is entitled "Quiet Title."  [*Id.* ¶¶ 92-103.]  Plaintiffs attempt

17   to assert a quiet title action under A.R.S. § 12-1101.

18       In this suit, Plaintiffs failed to name Federal National Mortgage Association

19   ("FNMA").  FNMA obtained title by Trustee's Deed Upon Sale at the trustee's sale.

20   [*Compl.* ¶ 61.]  A party suing for quiet title must allege that the defendant has asserted

21   an interest in the subject property.  Here, Plaintiffs do not allege that Defendants have

22   an interest in the property.  The only involvement of Defendants is surrounding the

23   trustee's sale.

24       Plaintiffs also rely on the recording and sending of numerous self created

25   documents that hold no legal significance.  For example, the Plaintiffs argue that the

26   Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale were

27   all void and invalid, because Plaintiffs had already removed the Trustee.  [*Compl.* ¶¶

28   44, 62.]  However, pursuant to A.R.S. § 33-804, only the beneficiary can remove the

trustee.  Because Plaintiffs were not the beneficiary, but were the Trustor, the argument that the Trustee's Sale was invalid because they removed the Trustee is not supported by law.

Additionally, Arizona law does not permit a quiet title action when the borrower is deficient on the mortgage.  *Farrell v. W.*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) (citation omitted) ("In an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien, though it be barred by limitation."); *Frazer v. Millennium Bank, N.A.*, 2:10-CV-01509 JWS, 2010 WL 4579799 (D. Ariz. Oct. 29, 2010) ("Until [the borrower] pays off the loan, the trustee or the successor trustee as named by the beneficiary, holds the title in trust. 'Thus, quiet title is not a remedy available to the trustor until the debt is paid or tendered.'" (citation omitted)).

Plaintiffs cannot allege there was no default under the terms of the note and the deed of trust.  Plaintiffs failed to pay.  [*Compl.* ¶ 33.]  That is what started the attempts to collect the debt and the non-judicial foreclosure process.  Plaintiffs have not attempted to tender the proceeds of the Loan, but rather suggest that they are "able to discuss a tender offer."  [*Compl.* ¶ 88.]  Therefore, Plaintiffs are not able to bring a claim to quiet title.

Plaintiffs do not provide sufficient facts to support a quiet title claim.  Under *Twombley* above, Plaintiffs do not state a claim.

Finally, and more importantly, Plaintiffs' quiet title claim is based completely on self made notices and alleged violations of Reg. Z.  [*See, e.g.*, Compl. ¶¶ 92-103.] Neither of which relate to Tiffany & Bosco or Mr. Bosco.

Because the quiet title action does not state a claim upon which relief can be based, the claim should be dismissed as to Defendants.

### d.    Fair Debt Collection Practices Act

Plaintiffs' Count IV is entitled "Violation of Fair Debt Collection Practices Act

1   (FDCPA), 15 U.S.C. § 1692 By Defendant Tiffany & Bosco, P.A."   [*Compl.* ¶¶104-

2   107.]   It should be noted that Mr. Bosco should be dismissed because this Count in no

3   way mentions Mr. Bosco as the one who violated the statute; but rather, Plaintiffs only

4   allege Tiffany & Bosco in the Count.   [*Id.*]   Regardless, the complaint should be

5   dismissed as to both defendants for the following reasons.

6          First, "the activity of foreclosing on the property pursuant to a deed of trust is

7   not the collection of a debt within the meaning of the FDCPA."   *Hulse v. Ocwen Fed.*

8   *Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see Williams v. Countrywide*

9   *Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).   Further, "[p]ayment of

10  funds is not the object of the foreclosure action.   Rather, the lender is foreclosing its

11  interest in the property."   *Hulse*, 195 F. Supp. 2d at 1204.   The gravamen of this action

12  is based on the foreclosure sale and therefore any allegations regarding the debt

13  collection through foreclosure sale should be dismissed.

14         Second, this allegation is full of mere conclusions and citations of law without

15  any specificity as to how the Defendants violated the FDCPA.   This is a direct violation

16  of Rule 8(d) as stated above.   *See Nevijel; see also Twombley.*   Not one of the

17  allegations have the factual support for the Court to grant relief.   More importantly,

18  without setting forth such necessary information, it is impossible for Defendants, or

19  even this Court, to determine whether Plaintiffs have more than a speculative claim to

20  relief.   Therefore, Plaintiffs' claim is inadequate.   *See Twombly*, 550 U.S. at 555, 127

21  S.Ct. at 1965.   However, each allegation is addressed specifically below.

22          In (a), Plaintiffs argue that Tiffany & Bosco violated "U.S.C. § 1692(e)(2) by

23  falsely representing the character, amount, or legal status of the debt."   [*Compl.* ¶ 107.]

24  Plaintiffs have not shown what Tiffany & Bosco falsely represented or why it was false.

25  Defendants are unable to ascertain what Plaintiffs are referring to in this allegation.

26  Plaintiffs owed money to Chase because of a conscious decision to stop paying their

27  bills.   [*Compl.* ¶ 33.]   There were no facts that Plaintiffs raised which would show

28  Tiffany & Bosco falsely represented the character, amount, or legal status of the debt.

In (b), Plaintiffs argue that Tiffany & Bosco violated "U.S.C. § 1692(e)(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false." [*Compl.* ¶ 107.] Again, this is a conclusory statement with no factual support. There were no facts in the Complaint which if true would even support this claim. Plaintiffs have not provided any support that Tiffany & Bosco ever communicated or threatened to communicate information that is false or known to be false. Moreover, Plaintiffs have not even alleged what information is believed to be false or who Tiffany & Bosco told or threatened to tell of the credit information.

In (c), Plaintiffs argue that Tiffany & Bosco violated "U.S.C. § 1692(e)(10) by the use of false representation or deceptive means to collect..." [*Compl.* ¶ 107.] Again, this is conclusory and Plaintiffs have failed to allege any facts if true would validate this. Plaintiffs have not asserted what deceptive means Tiffany & Bosco used to collect the debt. Instead the only factual background is that Tiffany & Bosco sent a debt collection letter to a debtor who stopped paying the monthly payments. [*Compl.* ¶ 33; 55-60.] This does not support the claim that a false representation was made.

In (d), Plaintiffs argue that Tiffany & Bosco violated "U.S.C. § 1692(f)(1) by the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." [*Compl.* ¶ 107.] Again, Plaintiffs fail to assert facts showing how Tiffany & Bosco collected an amount which was not permitted by law or by the Loan. In fact, Tiffany & Bosco proceeded with the Trustee's Sale after Plaintiffs were in default, a remedy specifically allotted for by A.R.S. § 33-807 and the Loan.

     **e.**     **Violation of Arizona Debt Collection and Consumer Protection Statutes Title 20, Chapter 4, Article 15**

Plaintiffs' Count VI (misnumbered by Plaintiffs) is entitled "Violation of Arizona Debt Collection and Consumer Protection Statutes Title 20, Chapter 4, Article 15 by Defendant Tiffany & Bosco, PA." [*Compl.* at 18.] This count should be

dismissed as to Mr. Bosco, because, once again, he is not named within the Count.. However, similar to the above section, the arguments will be addressed as to both defendants.  The Count should be dismissed for the following reasons.

First, all of the allegations within this section are merely conclusory statements without factual support.  The only factual support is that Tiffany & Bosco attempted to collect a debt that was owed to Chase, and after that failed, Tiffany & Bosco proceeded with non-judicial foreclosure.  [*Compl.* 33; 55-60.]  As stated above, this is a violation of Rule 8(d).  And similar to the above argument, this section is also inadequate because it lacks the necessary information which the Court needs to determine whether the claims are more than mere speculation.  Without the factual background, the claim should be dismissed.

In (a), Plaintiffs' argue that Tiffany & Bosco violated "A.A.C. R20-4-1507(1) for the failure to represent itself as a collection agency."  [*Compl.* ¶ 111.]  However, according to Plaintiffs, the notifications "clearly indicated that the letters were 'from a debt collector' and was an 'attempt to collect a debt.'"  [*Compl.* ¶ 55.]  Based on Plaintiffs' own factual background, Tiffany & Bosco was not in violation of A.A.C. R20-4-1507(1).

In (b), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1509(C) for threatening to file legal proceedings which would amount to foreclosure."  [*Compl.* ¶ 111.]  However, Plaintiffs mischaracterize the regulation.  Defendants are in violation of the regulation if they threaten to file legal proceedings when they have no intent of doing so.  Plaintiffs failed to show any support for the conclusion that Tiffany & Bosco did not threaten to proceed with legal action.

In (c), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1511(A) for using oppressive tactics designed to harass."  [*Compl.* ¶ 111.]  Again, Plaintiffs make this conclusion but have no factual support for this claim.  There were no alleged facts which could possibly be seen as harassing and oppressive.

In (d), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1513(B)(2)

by willfully communicating to collect after receiving verification that a Qualified Written Request, debt validation, debt verification, notice to cease and desist and *Notice of Right to Cancel* were mailed." [*Compl.* ¶ 111.] Again, Plaintiffs fail to allege facts that if true would require relief. This statute states

> A collection agency shall stop contacting a debtor, directly or indirectly, if the debtor gives the collection agency written notice that the debtor:
>> 1. Refuses to pay the debt, or;
>> 2. Wants the collection agency to stop all further communication with the debtor.

Plaintiffs did not satisfy either of those conditions. Instead, Plaintiffs recorded and sent all of these other communications, none of which require a debt collector to stop contact with the debtor. Additionally, most of these filings the debtor has self created and do not hold legal merit.

In (e), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1513(D) by willfully continuing to communicate with Plaintiffs after it received written notice to cease and desist." [*Compl.* ¶ 111.] This allegation is unfounded. Plaintiffs fail to include any information as to how Tiffany & Bosco allegedly violated this provision. Instead, this is a mere conclusion. There is no information provided that would allow the Court to determine whether this claim is more than mere speculation. Also, according to R20-4-1513(C):

> Despite the provisions of subsection (B), a collection agency may contact a debtor to inform the debtor that:
> 1. The collection agency has stopped trying to collect the debt, or
> 2. The collection agency or the creditor may invoke specific remedies that are customarily used by the collection agency or the creditor.

This allows a debt collector to proceed with specific remedies, in this case, a non-judicial foreclosure, and to contact the debtor regarding this procedure. That is what happened in this case. After failed attempts to collect the debt, Tiffany & Bosco proceeded with the remedy of non-judicial foreclosure. [*Compl.* ¶¶ 59-60.]

In (f), Plintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1514(B) and (C) by "failure to provide copies of its evidence of the debt to Plaintiffs when requested." [*Compl.* ¶ 111.]  Again, this allegation has no factual support, but rather is a conclusion that Tiffany & Bosco violated the regulation.  Plaintiffs do not provide any information regarding when the access to records was requested. In fact, no request was sent to Tiffany & Bosco.  This Count is inadequate as it fails to state a claim which relief could be granted.

In (g), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1518 by "failing to validate and verify the alleged debt by providing records between the creditor and the collection agency." [*Compl.* ¶ 111.]  However, this is a misstatement of the regulation.  The regulation does not state that these records must be turned over to the debtor.  Rather, it states that they must be kept and documented.  Plaintiffs have failed to allege any facts if true that would support that Tiffany & Bosco has not complied with this regulation.

In (h), Plaintiffs argue that Tiffany & Bosco violated "A.A.C. R20-4-1521 by failing to provide copies of its evidence of the debt to the Plaintiff and for failure to investigate claims presented by Plaintiffs on several occasions." [*Compl.* ¶ 111.] Again, this is a mere conclusion that Tiffany & Bosco has not complied with the regulation.  The claim has no specific instances of misconduct, nor does it have any information which if true could support such a claim.  There is nothing in the Complaint that supports this argument.  Additionally, A.A.C. R20-4-1521 provides that the information should be provided upon request.  Plaintiffs have not alleged that any such information was requested from Tiffany & Bosco.  Also, a mere allegation that Tiffany & Bosco has not investigated the debt is not sufficient to sustain a motion to dismiss.  This is a conclusion that is merely speculative.

**E.     The Defendants are entitled to their attorneys' fees pursuant to A.R.S. § 33-807(E).**

As set forth above, Tiffany & Bosco and Mr. Bosco request that the Court award

them costs and attorneys' fees under the mandatory language of A.R.S. § 33-807(E). That statute provides

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be *immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.*

Plaintiffs have sued Defendants in their role as Trustee's as Plaintiffs are attempting to quiet title. Because of the above statute, Defendants should be awarded their costs and attorney fees.

**III.    Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Defendants with prejudice from this matter and award Defendants their reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 29th day of June, 2011.

**TIFFANY & BOSCO, P.A.**

By:   /s/ Paul D. Cardon
Leonard J. McDonald, Jr.
Paul D. Cardon
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
*Attorneys for Defendants Mark Bosco and Tiffany & Bosco, P.A.*

///

///

16

1

<u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on June 29, 2011, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

4

5    Gerard O'Meara, Esq.
     Gust Rosenfeld PLC
6    One S. Church Ave., Suite 1900
7    Tucson, AZ 85701-1627
     Attorneys for Defendants Gust Rosenfeld, PLC

8

9    Douglas C. Erickson
     Maynard Cronin Erickson Curran & Reiter, PLC
10   3200 N. Central, Ste. 1800
11   Phoenix, AZ 85012
     Attorneys for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase
12   Home Finance LLC

13

14   Jennifer A. Reiter,
     Maynard Cronin Erickson Curran & Reiter, PLC
15   3200 N. Central, Ste. 1800
     Phoenix, AZ 85012
16   Attorney for Defendant Quicken Loans

17

18       I further certify that on June 29, 2011, I mailed the attached document to the
following persons:

19

20   Michael B. Sparlin & Sharon J. Sparlin
     9151 E. Showcase Lane
21   Tucson, AZ 85749
     *Plaintiff pro per*

22

23   By:/s/  Gail Hardin

24

25

26

27

28