Douglas C. Erickson, 012130
derickson@mmcec.com
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona  85012
(602) 279-8500

Attorneys for JPMorgan Chase Bank, N.A.,
successor by merger to Chase Home Finance LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Quicken Loans Inc.; Mortgage Electronic Registration Systems, Inc.; Chase Home Finance LLC; Mark S. Bosco, Esq.; Tiffany & Bosco, P.A.; Matthew A. Goldstein, Esq.; Gust Rosenfeld, PLC,<br><br>Defendants. | No. CV11-00372-RCC<br><br><br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), for itself and as successor by merger to Chase Home Finance LLC, respectfully submits its Reply in Support of Motion to Dismiss. This reply is supported by the following Memorandum of Points and Authorities, and the Court's record, which are incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs offer not a single reason that would justify denial of the pending Motion to Dismiss.  In their Complaint, they failed to state any claim upon which relief could be granted. To the extent even specious claims appear, they were previously considered and dismissed by this Court. (Consolidated cases:  CV10-503-TUC-FRZ, CV10-507-TUC-FRZ, CV10-508-TUC-FRZ.) The sum and substance of Plaintiffs' effort is described by Plaintiffs themselves: "The Sparlins are simply seeking to protect their properties from being unlawfully stolen from

them by entities which have ***never proven their entitlement to foreclose***." Response, at ¶ 18 (emphasis added). This is the essence of a "show me the note" case, which has been resoundingly and repeatedly rejected as a viable cause of action in Arizona. Plaintiffs have strained to put new titles and labels on their grievances, but they are nothing but a thin disguise for this completely discredited theory.

## I. The Motion to Dismiss Standard

Plaintiffs do not meaningfully challenge the legal standards accurately set forth in the Motion to Dismiss. To the extent they claim that the Court may only look to the "four corners of the complaint," citing to non-binding case law from a district court not even in the Ninth Circuit, Plaintiffs are mistaken. As the United States Supreme Court itself has instructed, "courts must consider the complaint in its entirety, ***as well as other sources courts ordinarily examine*** when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)(emphasis added).

## II. Prior Litigation Precludes New Litigation.

The response offered by Plaintiffs as to why their claims are not precluded by application of *res judicata*, collateral estoppel, and/or the rule against claim splitting is not persuasive. The facts of this lawsuit are those of the prior lawsuit. That case was dismissed on its merits,[1] with prejudice (4:10-cv-00503-FRZ, Dkt. No. 53). Plaintiffs have simply attempted to restate and recharacterize their grievances. To the extent any new theory is arguably presented, it too is barred. In fact, in the prior litigation, the Court expressly denied Plaintiffs the opportunity to amend (for a second time) their complaint. This new lawsuit is nothing

---

[1] Plaintiffs argue that because they believe the Court was "biased," there was no judgment on the merits. Response, at ¶ 22. Plaintiffs fail to offer any evidence of such bias so as to make this unfounded accusation even arguably colorable.

- 2 -

1 more than an effort to circumvent the Court's express denial of any further amendments.

2 Plaintiffs mistakenly argue that Chase has been silent as to Count II of their Complaint. However, as Chase pointed out in its Motion to Dismiss, Count II, along with I and III, is barred by the doctrines of *res judicata*, collateral estoppel, and the prohibition against claim splitting. This defect would be in addition to Plaintiffs' simple failure to state a claim. Even assuming there was some technical deficiency in notice regarding the sale of Plaintiffs' loan, it does not give Plaintiffs a cause of action. Additionally, Plaintiffs allege they were making payments to Chase, and then stopped making payments to Chase. They obviously knew who they were supposed to be paying, and they do not explain how any defect in notice harmed them.

**III.  Completed Trustee's Sale Bars Claims.**

Plaintiffs offer no reasoned analysis and no authority supporting their position that they can challenge the trustee's sale at this late date notwithstanding A.R.S. § 33-811. As a matter of law, because they did not obtain an injunction prior to the trustee's sale, in addition to the fact that they have no valid claims to assert, Plaintiffs should not be allowed to proceed with this action.

**IV.  Rescission and Quiet Title**

Plaintiffs do not allege or demonstrate that they could return the loan proceeds so as to even make rescission theoretically possible. Nor do they explain how a rescission could be accomplished without joining the current owner of the property. But those defects are somewhat superfluous because Plaintiffs have stated no meritorious ground for rescission in the first place.

**V.  Conclusion**

For all of the foregoing reasons, Plaintiffs' Complaint should be dismissed, with prejudice.

RESPECTFULLY SUBMITTED this 5th day of August, 2011.

- 3 -

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
   Douglas C. Erickson
   3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona 85012-2443
   Attorneys for JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

**ORIGINAL** of the foregoing e-filed this 5th day of August, 2011, with:

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2153

**COPY** of the foregoing electronically delivered this 5th day of August, 2011, to:

Honorable Raner C. Collins
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2153

Gerard O'Meara, Esq.
Gust Rosenfeld PLC
One S. Church Ave., Suite 1900
Tucson, AZ 85701-1627
Attorneys for Defendants Matthew A. Goldstein and Gust Rosenfeld, PLC

Jennifer A. Reiter
Maynard Cronin Erickson Curran & Reiter, PLC
3200 N. Central, Ste. 1800
Phoenix, AZ 85012
602-279-8500
Attorneys for Defendant Quicken Loans, Inc.

Paul D. Cardon
Tiffany & Bosco, P.A.
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016-9240
Attorneys for Defendants Tiffany & Bosco, P.A. and Mark S. Bosco

1  **COPY** of the foregoing mailed this 5th day of August, 2011, to:

2  Michael and Sharon Sparlin
   9151 E. Showcase Lane
3  Tucson, AZ 85749
   Plaintiffs Pro per

4
   By ___/s/Stacey Tanner_____
5