Leonard J. McDonald, Jr. (#014228)
ljm@tblaw.com
Paul D. Cardon (#027953)
pdc@tblaw.com

**TB** **TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016B4237
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103

*Attorneys for Defendants Tiffany & Bosco, P.A. and Mark S. Bosco.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| MICHAEL BENSON SPARLIN and SHARON JEANETTE SPARLIN H/W, | No. CV-11-00372-TUC-RCC |
|---|---|
| Plaintiffs, | **DEFENDANTS TIFFANY & BOSCO, P.A. AND MARK S. BOSCO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT** |
| vs. | |
| TIFFANY & BOCSO, P.A. and MARK S. BOSCO, P.A. | |
| Defendants. | |

Defendants Tiffany & Bosco, P.A. ("Tiffany & Bosco") and Mark S. Bosco ("Mr. Bosco") (collectively "Defendants"), by and through counsel undersigned, hereby file this *Reply in Support of Their Motion to Dismiss* (the "Reply") and respectfully request that the Court dismiss Plaintiffs Michael Benson Sparlin and Sharon Jeanette Sparlin's (collectively "Plaintiffs") Complaint (the "Complaint").

**I.  INTRODUCTION**

On July 25, 2011, Plaintiffs untimely filed *Plaintiffs' Opposition to Defendants Tiffany & Bosco, P.A., and Mark S. Bosco's Motion to Dismiss*.   However, apparently, the opposition was filed in error and two days later, on July 27, 2011, Plaintiffs filed their

*Amended Opposition* (the "Response").   Defendants have based their Reply on the Response and have calculated the later due date from the filing of the Response.

   In the Response, Plaintiffs state the only causes of action against Defendants are Counts II, IV, and VI (alleged violations of Helping Families save their Home Act of 2009, Fair Debt Collection Practices Act, and Arizona Debt Collection and Consumer Protection Statutes, respectively).

## II.   RULE 12(b)(6) STANDARD AND PLAINTIFFS VIOLATIONS OF APPLICABLE COURT RULES

   When analyzing a 12(b)(6) Motion, the Court should limit their review to the contents of the Complaint.  *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Moreover, the Court should dismiss the claims where the Response raises claims that were not raised in the complaint.  *See Swain v. CA CH, LLC,* 699 F.Supp.2d 1117, 1122 (N.D.Cal.2009) (dismissing claim where opposition brief suggested monetary loss but complaint did not allege such loss).

   Plaintiffs attempt to use this Response to amend their otherwise insufficient Complaint.  On several occasions, Plaintiffs add facts, exhibits, and even claims of damages that were not first raised in the Complaint.  These occasions are too numerous for Defendants to list, but of note are paragraphs 54-78, 95, 120-21. Plaintiffs attach irrelevant exhibits, add a claim of damages in the amount of $1,000,000, attempt to add and assert a claim of fraud, and add untrue claims of robo-signing which they base on a random website with no actual proof to support that frivolous claim.  Plaintiffs also attempt to add violations for A.R.S. § 33-803(B), (C), 804(C), 804(F), and 807, none of which were alleged within the Complaint.  [Response at ¶¶ 136-154.]  Any and all facts, exhibits, and claims which were not raised in the Complaint should be dismissed accordingly.  Adding to the confusion, Plaintiffs fail to cite to the Complaint.  In reality, they do not even attempt to address the Motion until page ten.

Plaintiffs also failed to comply with the page limitation of 17 pages found in Local Rule 7.2. The rule states, "a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." AZ R USDCT LRCiv 7.2. Here, Plaintiffs' Response is 19 pages consisting of 170 paragraphs. The eight pages labeled as facts are not required by this Court. Adding to this, 62 irrelevant pages of exhibits were attached. However, this is nothing new. As Defendants pointed out in the Motion, Plaintiffs had several rule violations relating to form. [*Motion*, p.4-6.]

## III.   PLAINTIFFS WAIVED ALL OBJECTIONS TO THE TRUSTEE'S SALE UNDER A.R.S. § 33-811(C).

In their Motion, Defendants raised the argument that Plaintiffs waived all defenses and objections to the sale because they never obtained a Court order pursuant to Rule 65. [Motion pp. 6-7.] Plaintiffs object to this argument on the grounds that they disputed the alleged debt before the Trustee Sale was conducted. [Response at ¶¶ 157-162.] Plaintiff may have filed a Lis Pendens and disputed the debt, but this is not what A.R.S. § 33-811(C) requires. Plaintiffs do not dispute the fact that they never obtained an order from the Court as A.R.S. § 33-811(C) requires. Because Plaintiffs do not dispute they never obtained a Court order under Rule 65 and because they did not comply with A.R.S. § 33-811(C), the Court should dismiss their Complaint.

## IV.   PLAINTIFFS' CLAIMS ARE BARRED UNDER A.R.S. § 33-807(E).

Defendants argued that under A.R.S. § 33-807(E) the Court should dismiss the Complaint. [Motion at p.6.] Key to this argument was the fact that the Complaint failed to make any factual allegations pertaining to Defendants' obligations under Title 33, Chapter 6.1. Instead, Plaintiffs now attempt to allege violations of Title 33 to supplement their deficient Complaint through the Response. [Response at ¶¶ 136-154.] These allegations were not within the Complaint and should be dismissed. Plaintiffs'

Complaint should be dismissed because Plaintiffs did not allege violations of Title 33 in the Complaint.

## V. PLAINTIFFS MAKE IRRELEVANT ARGUMENTS AND IMPROPERLY CATAGORIZES THE LAW.

The Court should grant the Defendants' Motion because Plaintiffs' Response is deficient.  Instead of responding to the arguments raised in the Motion, Plaintiffs attempt to supplement their deficient Complaint. Presumably, Plaintiffs cannot refute the legal arguments made in the Motion.

### A. PLAINTIFFS FAIL TO ADQUATELY RESPOND TO THE ARGUMENTS RAISED IN THE MOTION.

The Defendants raised numerous arguments against the claims in the Complaint. Plaintiffs, however, fail to adequately respond to these arguments.  They do, however, clarify that the claims relating to Defendants are exclusively Count II, Count IV, and Count VI.  [Response at ¶ 90.]  Each of these claims have no relation to what Plaintiffs continuously raise in their Response and Complaint—that is issues concerning broken chains of title, invalid transfers, and allegedly fraudulent documents.  Based on this alone, the Counts should be dismissed.  However, in addition, each of these Counts should be dismissed as to both Defendants because the Plaintiffs do not adequately dispute the arguments in the Motion.

#### 1. COUNT II

As to Count II, relating to Helping Families Save their Home Act, Plaintiffs do not dispute Defendants' arguments in any way.  Within the Motion, Defendants asserted that this claim should be dismissed because it applies to creditors and servicers, and because neither Tiffany & Bosco nor Mr. Bosco meet this criteria, the claim was invalid. [Motion at p.9.]  Because Plaintiffs make no attempt at disputing this argument, Count II should be dismissed as to all Defendants.

### 2. COUNT IV

As to Count IV, Fair Debt Collection Practices Act ("FDCPA"), Plaintiffs grossly misinterpret what Defendants wrote within the Motion. Defendants refer the Court to the argument as presented in the Motion. [Motion at p. 10-12.] The activity of foreclosing on a home is not the collection of a debt within the meaning of FDCPA. [Motion at p.11] This Court has already determined that a non-judicial foreclosure action does not constitute debt collection under FDCPA, and as such, any claims against Defendants should be dismissed accordingly. *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1188 (D. Ariz. 2009) *aff'd sub nom. Diessner v. Mortgage Elec. Registration Sys., Inc.*, 384 F. App'x. 609 (9th Cir. 2010); *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). In addition, trustees are not considered to be "debt collectors" subject to FDCPA. *Mansour*, at 1182. Because Defendants were the trustee and were pursuing non-judicial foreclosure, the Complaint should be dismissed on this alone.

Defendants also specifically refuted each and every claim as presented in the Complaint by the Plaintiffs. [Motion at p. 11-12.] Plaintiffs did not attempt to rebut Defendants' arguments as to the alleged violations of FDCPA. Instead, Plaintiffs merely assert that Tiffany & Bosco are debt collectors but fail to establish how Defendants violated any specific act. Because Plaintiffs did not refute Defendants' arguments concerning alleged FDCPA violations, the Court should dismiss this Count as to all Defendants.

Along with this, Plaintiffs' attempted to add a claim of fraud against Defendants. [Response at ¶ 95.] This once again is improper since it was not raised in the Complaint.

### 3. COUNT VI

The third and final count alleged against Defendants is Count VI, alleged violations of Arizona Debt Collection and Consumer Protection Statutes. Plaintiffs failed

to respond to any of Defendants' arguments.  Defendants specifically addressed this claim within their Motion.  [Motion at pp. 12-15.]  All of the arguments were properly refuted by the Defendants, none of which the Plaintiffs responded to.  Because of this, the Court should dismiss this Count as to all Defendants.

**B.  IRRELEVANT ARGUMENTS RAISED BY PLAINTIFFS**

### 1.  PROOF OF SUBSTITUTED TRUSTEE AND AGENCY NOT REQUIRED

The crux of the Plaintiffs' argument lies upon a claim that Defendant Mark S. Bosco never proved his authority to sign the Substitution of Trustee. [Response at ¶¶18-19, 25-36, 44.]  However, what Plaintiffs fail to realize is that this is not a requirement of A.R.S. § 33-804.  A.R.S. § 33-804 provides:

> A notice of substitution of trustee shall contain a description of the basis for the successor trustee's qualification pursuant to § 33-803, subsection A. A notice of substitution of trustee shall be sufficient if acknowledged by all beneficiaries under the trust deed or their agents as authorized in writing and if prepared in substantially the following form…
>
> Ariz. Rev. Stat. Ann. § 33-804

Here, Mark S. Bosco complied in all respects to A.R.S. § 33-804.  While Plaintiffs claim that Mark S. Bosco had to "prove" his authority, there is no statutory provision requiring that Mark S. Bosco had to prove his authority to sign the Substitution of Trustee in order to proceed with the foreclosure sale.  Because there is no statute requiring proof, Mark S. Bosco has complied in all respects to A.R.S. § 33-804.

### 2.  PROOF OF HAMLIN'S AND MERS' AUTHORITY TO ASSIGN THE DEED OF TRUST IS NOT REQUIRED

Plaintiffs also claim that Defendants never proved Hamlin's or MERS' Authority to Assign the Deed of Trust.  [Response at ¶¶ 42-87.]  Plaintiffs attempt to strengthen their otherwise lacking claim for fraud within this section.  The Motion laid out that Plaintiffs did not plead fraud with particularity and only made passing references to fraud within the Complaint.  [Motion at p. 5-6.]  In addition, Plaintiffs rely on unapplicable

New York case law to attempt to persuade this Court.    Also, Arizona District Courts have held that MERS' assignment system is permissible.[1]

Given these arguments, the Court should grant Defendants Motion to dismiss because Plaintiffs have still failed to show how they stated a claim upon which the Court could grant relief.

## VI. REQUEST FOR ATTORNEYS' FEES PURSUANT TO A.R.S. § 33-807(E).

As set forth above, Tiffany & Bosco and Mr. Bosco request that the Court award them costs and attorneys' fees under the mandatory language of A.R.S. § 33-807(E). That statute provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be *immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.*

Plaintiffs have sued Defendants in their role as Trustee.  Because of the above statute, Defendants should be awarded their costs and attorney fees.

## VII.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court dismiss the Complaint in its entirety against them, without leave to amend, since amendment would be futile.  *See, Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

---

[1] *See, e.g.*, *Contreras v. US Bank*, No. CV 09-0137-PHX-NVW, 2009 WL 4827016, at *4–5; *Blau v. Am.'s Servicing Co.*, No. CV 09-773-PHX-MHM, 2009 WL 3174823, at *6–8 (D. Ariz. Sept. 29, 2009); *see also Cervantes v. Countrywide Home Loans, Inc.*, No. CV 09-517-PXH-JAT, 2009 WL 3157160, at *10 (thoroughly analyzing claims that MERS system as a whole commits fraud on borrowers and Case 2:10-cv-01480-SRB Document 17 Filed 10/28/10 Page 9 of 12 finding them to be wholly without merit).

7000-001 / 473840

1    RESPECTFULLY SUBMITTED this 5th day of August, 2011.

2

**TB TIFFANY & BOSCO**
P.A.

3

4    By:   /s/ Paul D. Cardon
           Leonard J. McDonald, Jr.

5          Paul D. Cardon

6          Third Floor Camelback Esplanade II
           2525 East Camelback Road

7          Phoenix, Arizona 85016-4237
           *Attorneys for Defendants Mark Bosco and Tiffany &*

8          *Bosco, P.A.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7000-001 / 473840

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Raner C. Collins
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2153

Gerard O'Meara, Esq.
Gust Rosenfeld PLC
One S. Church Ave., Suite 1900
Tucson, AZ 85701-1627
Attorneys for Defendants Matthew A. Goldstein and Gust Rosenfeld, PLC

Douglas C. Erickson
Maynard Cronin Erickson Curran & Reiter, PLC
3200 N. Central, Ste. 1800
Phoenix, AZ 85012
Attorneys for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

Jennifer A. Reiter,
Maynard Cronin Erickson Curran & Reiter, PLC
3200 N. Central, Ste. 1800
Phoenix, AZ 85012
Attorney for Defendant Quicken Loans

I further certify that on August 5, 2011, I mailed the attached document to the following persons:

Michael B. Sparlin & Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ 85749
*Plaintiff pro per*

By:/s/ *Gail Hardin*_____

7000-001 / 473840