

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Benson Sparlin and Sharon Jeanette Sparlin,<br><br>    Plaintiffs,<br><br>vs.<br><br>Quicken Loans Inc.; Mortgage Electronic Registration Systems, Inc.; Chase Home Finance LLC; Mark S. Bosco, Esq.; Tiffany & Bosco, PA; Matthew Goldstein, Esq.; Gust Rosenfeld, PLC,<br><br>    Defendants. | No. 11-CV-372-TUC-RCC<br><br>**ORDER** |

Pending before this court is Defendant Quicken Loans Inc.'s ("Quicken") Motion to Dismiss (Doc. 6), Defendant Chase Home Finance LLC's ("Chase") Motion to Dismiss (Doc. 7), and Defendants Mark S. Bosco and Tiffany & Bosco, PA's Motion to Dismiss (Doc. 9). Defendants Matthew Goldstein, Esq. and Gust Rosenfeld, PLC have joined in the motions to dismiss (Doc. 12). The motions have been fully briefed and are appropriate for decision by this Court.

**I.  Background**

On or about February 9, 2009, Plaintiffs Michael Sparlin and Sharon Sparlin obtained a loan from Defendant Quicken, the original Lender. The Loan was evidenced by a

1 Promissory Note and secured by a Deed of Trust. Defendant Chase functioned as the loan
2 service provider. MERS was the beneficiary and acted as the nominee to Quicken.

3 Plaintiffs allege that on February 3, 2010, they accidentally made two mortgage
4 payments to service provider Chase (Complaint ¶ 25). Plaintiffs requested a refund for the
5 overpayment and Chase refused to issue a refund (Complaint ¶ 26–32). On or around
6 February 15, 2010, Plaintiffs ceased making monthly mortgage payments to Chase
7 (Complaint ¶ 33). Thereafter, Plaintiffs sent a series of documents, including a Qualified
8 Written Request, a Notice of Default, a Notice of Right to Cancel, a Notice of Revocation
9 of Power of Attorney, and a Notice of Removal of Trustee to Defendants Quicken and Chase
10 (Complaint ¶ 34–50). In July of 2010, Defendant Tiffany & Bosco sent Plaintiffs a notice
11 of default. Non-party Michael A. Bosco was appointed trustee on or around July 8, 2010
12 and sent Plaintiffs a Notice of Trustee's Sale for Plaintiffs' property located at 9151 E.
13 Showcase Lane, Tucson, Arizona 85749. On October 7, 2010, Plaintiffs' property was sold
14 at a Trustee's Sale and a Trustee's Deed Upon Sale was thereafter issued to non-party
15 Federal National Mortgage Association.

16 Plaintiffs filed their complaint in state court on May 19, 2011 and Defendants
17 subsequently removed the action to federal court (Doc. 1). Defendants Quicken, Chase,
18 Mark Bosco/Tiffany & Bosco PA have filed motions to dismiss (Docs. 6, 7, and 9,
19 respectively) and Plaintiffs have timely responded.

20 **II.    Standard of Review**

21 On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all plausible allegations of
22 material fact are assumed to be true and construed in the light most favorable to the
23 nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). Dismissal under
24 Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of
25 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*,
26 901 F.2d 696, 699 (9th Cir.1990). To avoid dismissal, a complaint need contain only "enough
27 facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,
28 550 U.S. 544, 570 (2007).

The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id*.

**III.   Discussion**

Plaintiffs' Complaint contains numerous pleading deficiencies. Plaintiff's claims are repetitive, convoluted and disorganized. The Complaint includes many speculative statements on which claims are based. The Complaint is also filled with legal conclusions couched as factual allegations as well as broad indictments of the lending industry as a whole. To the extent Plaintiffs have explicitly listed claims in the five counts of the Complaint, the Court addresses those claims below.

**A.   Count One: TILA, RESPA, and rescission claims**

In Count One, Plaintiffs seek declaratory relief based on Defendants' alleged violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Practices Act (RESPA). Plaintiffs refer to RESPA in the heading for Count One, but never state how Defendants violated the statute. It does not appear that Plaintiffs allege a claim under any section of RESPA. In fact, aside from the brief mention in the heading of Count One, Plaintiffs only refer to RESPA one other time in the "Jurisdiction and Venue" of the Complaint where it simply states: "This is an action that includes violations of the Real Estate Settlement and Procedures Act[.]" Because Plaintiffs fail to allege any facts that Defendants violated RESPA, this claim is dismissed.

- 3 -

Plaintiffs claim that once they mailed the Notice of Right to Cancel to Defendants, indicating that they wished to rescind the loan, pursuant to TILA, the security interest was immediately voided and Plaintiffs were no longer liable for finance charges and various other fees. Plaintiffs claim that under TILA, they were entitled to a refund once they mailed this document to Defendants.

Defendants correctly argue that Plaintiffs' TILA/rescission claim is barred by collateral estoppel. In an order dismissing the consolidated actions in CV-10-503, CV-10-507, and CV-10-508, Judge Frank R. Zapata of this district dismissed Plaintiffs' TILA claim relating to Plaintiffs' property at 9151 E. Showcase Lane, Tucson, Arizona 85749—the same property that is the subject of the current action—because the claim was time barred. *Sparlin et al. v. BAC Home Loans Servicing LP, et al.*, No. 4:10-cv-00503-TUC-FRZ (D.Ariz. March 24, 2011).

Collateral estoppel (or issue preclusion) bars a party from re-litigating factual issues previously adjudicated where: (1) there is a final judgment in the previous litigation, (2) the factual issue was actually litigated, (3) there was a full and fair opportunity to litigate the issue, and (4) resolution of the issue was essential to the decision. *Gilbert v. Bd. of Med. Exam'rs of the State of Ariz.*, 745 P.2d 617, 622 (Ariz.App. 1987). Judgments are final notwithstanding that they have been appealed. *Murphy v. Bd. of Med. Exam'rs of State of Ariz.*, 949 P.2d 530, 538 (Ariz.App. 1997). Collateral estoppel precludes re-litigating issues against non-parties to the original actions whether they have had a "full and fair opportunity to litigate the issue in the original action." *Gilbert*, 745 P.2d at 623.

A review of the complaint and order dismissing the consolidated actions in CV-10-503, CV-10-507, and CV-10-508, supports the conclusion that Plaintiffs' TILA claim is an attempt to rehash issues that have already been reviewed and resolved in a previous action. That action was dismissed with prejudice and a finding was made that any opportunity to amend would be futile. This Court agrees. Therefore, this claim is also dismissed.

**B.     Count Two: Violation of 15 U.S.C. 1641(g)**

- 4 -

Case 4:11-cv-00372-RCC   Document 41   Filed 11/22/11   Page 5 of 10

In Count Two Plaintiffs claim that Defendants violated 15 U.S.C. § 1641(g), a section of TILA, by not providing proper notice when their loan was transferred to a new creditor (Complaint ¶ 91). As discussed above, Plaintiffs TILA claims are barred by collateral estoppel, as they have been adjudicated as time barred in a separate action. *See Sparlin et al. v. BAC Home Loans Servicing LP, et al.*, No. 4:10-cv-00503-TUC-FRZ (D.Ariz. March 24, 2011). Therefore, Count Two is dismissed.

### C.     Count Three: Quiet Title

In Count Three, Plaintiffs attempt to allege a quiet title action under A.R.S. § 12-1101. However, in order to state a claim to quiet title, Plaintiffs must allege that they have satisfied their loan obligations and are accordingly entitled to the release of the deed of trust. *See Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) ("In an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien, though it be barred by limitation."). Plaintiffs admit in their Complaint that they stopped making payments on the loan, and are thus in default. Therefore, Count Three is dismissed.

### D.     Count Four: Federal Debt Collection Practices Act (FDCPA)

Count Four of Plaintiffs' Complaint alleges that Defendant Tiffany & Bosco violated the FDCPA. Plaintiffs' Complaint contains no factual allegations that would support a FDCPA claim. Plaintiffs' merely recite the language of the statute. Plaintiffs' claim is based solely on conclusory allegations. Without any factual support, Plaintiffs fail to state a claim for relief, and fail to comply with Rule 8 pleading standards. Further, courts of this district have consistently held that foreclosing on a property pursuant to a deed of trust and/or a non-judicial foreclosure is not the collection of a debt within the meaning of the FDCPA. *Diessner v. Mortgage Electronic Registration Sys.*, 618 F.Supp.2d 1184, 1189 (D.Ariz. May 18, 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182

- 5 -

(D.Ariz. April 21, 2009). Therefore, Count Four is dismissed.

### E. Count Five: Arizona Debt Collection and Consumer Protection violations

In Count Five (misnumbered as Count VI by Plaintiffs), Plaintiffs allege that Defendants Tiffany & Bosco, PA and Mr. Bosco violated several Arizona debt collection and consumer protection laws. Specifically, Plaintiffs accuse these Defendants of violating various provisions of Title 20, Chapter 4, Article 15, which covers Arizona collection agencies. Plaintiffs' allegations in this count do not comply with the pleading standards of Rule 8. Plaintiffs merely recite various statutory provisions without stating how Defendants violated the statutes. Plaintiffs have failed to state a claim that would entitle them to relief. This claim is dismissed.

### F. Other claims

Defendants correctly argue that any objections Plaintiffs had to the trustee's sale that took place on October 7, 2010 have been waived pursuant to A.R.S. § 33-811(C). A.R.S. § 33-811(C) provides that a trustor's defenses and objections to a trustee's sale "not raised in an action that results in the issuance of a court order granting relief" shall be waived. Plaintiffs have not alleged that they met this requirement. Plaintiffs' contention that they met this requirement by filing a *Lis Pendens* and by mailing Defendants a *Notice of Right to Cancel* fails as these documents did not result in a court order granting relief. Furthermore, A.R.S. § 33-811(B) provides that a "trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property[.]" Therefore, any claims Plaintiffs assert regarding the validity of the Trustee's Sale—including the validity of the Substitution of Trustee and the Assignment of Deed of Trust[1]—are dismissed.

It appears Plaintiffs attempt to add a claim for fraud in their Amended Response to

---

[1] Plaintiffs' argument that certain documents were improperly notarized because the notary did not witness the signature fail as this is not required by Arizona law. *See* A.R.S. § 33-503; *City Consumer Servs. Inc. v. Metcalf*, 775 P.2d 1065, 1068–69 (Ariz. 1989).

- 6 -

1 Defendants Tiffany & Bosco, PA and Mark S. Bosco's Motion to Dismiss (Doc. 26 ¶¶ 95,
2 120-121).  However, a response to a motion to dismiss is not the proper venue for asserting
3 new claims.  *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th
4 Cir. 1998) (citations omitted) ("[A] court *may not* look beyond the complaint to a plaintiff's
5 moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").
6 The Court will not consider this or any other claim first raised by the Plaintiffs in their
7 responsive pleadings.

8 In their Complaint, Plaintiffs stated that Defendants "CHASE and TIFFANY jointly
9 made the decision to fraudulently move forward and sell Plaintiffs property . . ." (Complaint
10 ¶ 60).  Rule 9(b) of the Federal Rules of Civil Procedure mandates that "[i]n alleging fraud
11 or mistake, a party must state with particularity the circumstances constituting fraud or
12 mistake."  It is not clear whether Plaintiffs were raising this as a claim.  To the extent
13 Plaintiffs were attempting to bring a fraud claim, such claim is dismissed as it fails to
14 comport with the particularity requirements of Rule 9(b).

15 In the same pleading, Plaintiffs—again for the first time—allege that Defendants Mr.
16 Bosco and Tiffany & Bosco, PA violated various provisions Title 33 of the Arizona Revised
17 Statutes (Doc. 26 ¶¶ 136-154).  As stated above, the Court will not consider claims first
18 raised in Plaintiffs' responsive pleadings.  Moreover, to the extent Plaintiffs are suing
19 Defendants Mr. Bosco and Tiffany & Bosco, PA as the substitute trustee, such claims are
20 dismissed as Plaintiffs have failed to allege how Defendants have breached their obligations
21 under Title 33, Chapter 6.1 of the Arizona Revised Statutes.  *See* A.R.S. § 33-807(E)
22 (requiring trustees to be dismissed from any action where a breach of statutory obligation is
23 not alleged).

24
25 Additionally, throughout their responsive pleadings, Plaintiffs refer to various exhibits
26 and facts that were not mentioned in their Complaint.  The Court will not consider these
27 exhibits and facts as they are matters outside the Complaint.  *See* Fed.R.Civ.P. 12(d).

28 **IV.    Attorney's Fees and Costs**

- 7 -

The Court does not now decide whether attorney's fees and costs should be granted. Defendants may pursue attorney's fees and costs as provided in Local Rule 54.2 after entry of judgment, if appropriate.

Accordingly,

**IT IS ORDERED:**

(1) Defendant Quicken's Motion to Dismiss (Doc. 6) is **granted**.

(2) Defendant Chase's Motion to Dismiss (Doc. 7) is **granted**.

(3) Defendants Tiffany & Bocso, PA and Mark Bosco's Motion to Dismiss (Doc. 9) is **granted**.

(4) Defendants Gust Rosenfeld, PLC and Matthew A. Goldstein's Motion for Joinder (Doc. 12) is **granted**.

(5) Plaintiffs' Complaint is **dismissed** with leave to amend as to Count Five (Arizona Debt Collection and Consumer Protection) only. Counts One through Four of Plaintiffs' Complaint are dismissed without leave to amend. Defendants Quicken Loans Inc., Chase Home Finance LLC, Mark S. Bosco, Matthew A. Goldstein, and Gust Rosenfeld PLC, shall be dismissed from this action.

(6) Plaintiffs have until **December 19, 2011** to file an amended complaint only as to Count Five of their Complaint against Defendant Tiffany & Bosco, PA.

(7) Upon good cause showing, and there being no objections, Plaintiffs' Motion to Strike (Doc. 36) is **granted**. The Clerk of the Court shall **STRIKE** Exhibit 1 attached to Defendants Mark S. Bosco and Tiffany & Bosco PA's Reply to Response to Motion to Dismiss (Doc. 29) from the record.

(8) Plaintiffs' Motion for Extension of Time (Doc. 14) is **dismissed** as moot.

DATED this 21st day of November, 2011.

Raner C. Collins
United States District Judge

Case 4:11-cv-00372-RCC   Document 41   Filed 11/22/11   Page 10 of 10